UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**FILED**

MAY 3 0 2007

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

MELISSA SIMPLOT, as Mother and Next )
Friend of Jasmine Simplot, a minor, )
                            )
          Plaintiff, )
                            )
          v. )  Case No.  **07 C 50 1 04**
                            )
THERESE LUCIETTO-SIERADZKI, M.D., )
DIANA ORTEGA, M.D., SWEDISH )
AMERICAN HOSPITAL, CRUSADERS )
CENTRAL CLINIC ASSOCIATION, and )  Formerly Case No. 07 L 116, 17th Judicial
FLOTILLO BRUCE WATKINS, M.D., )  Circuit, Winnebago County, Illinois
                            )
          Defendants. )
                            )

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:  Clerk of the Court                  Lisa A. Jensen
        17th Judicial Circuit, Winnebago County    Faulkner & Jensen
        400 West State Street                6832 Stalter Drive
        Rockford, Illinois 61101            Rockford, Illinois 61108

        Geoffrey L. Gifford
        Pavalon, Gifford & Laatsch
        2 North LaSalle Street, Suite 1600
        Chicago, Illinois 60602

      The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action from

the Circuit Court of Winnebago County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and 42

U.S.C. § 233, and in support thereof states the following:

1.      On March 26, 2007, plaintiff Melissa Simplot, as Mother and Next Friend of Jasmine Simplot, a Minor, commenced the above civil action against Therese Lucietto-Sieradzki, M.D., Diana Ortega, M.D., Swedish American Hospital, Crusaders Central Clinic Association, and Flotillo Bruce Watkins, M.D., alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, Therese Lucietto-Sieradzki, M.D., was a physician for Crusaders Central Clinic Association, a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2.      This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendants Crusaders Central Clinic Assocation and Therese Lucietto-Sieradzki, M.D., were acting within the scope of their employment as federal government employees at the time of the incidents out of which the claim arose. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, this civil action is deemed an action against the United States and the United States is substituted as the sole federal party defendant in place of Crusaders Central Clinic Assocation and Therese Lucietto-Sieradzki, M.D.

2

WHEREFORE, this action now pending in the Circuit Court of Winnebago County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Crusaders Central Clinic Association and Therese Lucietto-Sieradzki, M.D.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: _Monica V. Mallory_
MONICA V. MALLORY
Assistant United States Attorney
308 West State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444

3

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

was served on May 30, 2007, in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, if any, and mailed to:

Clerk of the Court
17th Judicial Circuit, Winnebago County
400 West State Street
Rockford, Illinois 61101

Lisa A. Jensen
Faulkner & Jensen
6832 Stalter Drive
Rockford, Illinois 61108

Geoffrey L. Gifford
Pavalon, Gifford & Laatsch
2 North LaSalle Street, Suite 1600
Chicago, Illinois 60602

MONICA V. MALLORY
Assistant United States Attorney
308 West State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444

# STATE OF ILLINOIS

CC~45

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

MELISSA SIMPLOT, as Mother aND Next
Friend of JASMINE SIMPLOT, a Minor,

Plaintiff,

vs.

THERESE LUCIETTO-SIERADZKI, M.D.,
DIANA ORTEGA, M.D., SWEDISH AMERICAN HOSPITAL,
CRUSADERS CENTRAL CLINIC ASSOCIATION, and
FLOTILLO BRUCE WATKINS, M.D.,

Defendants.

No. 07L116

SHERIFF OF WINNEBAGO COUNTY

SEE ATTACHMENT FOR LIST
OF SERVICES

## SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court _____ Winnebago County Courthouse _____ building, room _____, 400 W. State Street, Rockford _____, Illinois, within 30 days after service of this summons,
(Address)                        (City)
not counting the day of service. IF YOU FAIL TO DO SO  A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of sevice and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

MAR 2 6 2007

WITNESS _____

(Seal of Court)

_Thomas A. Klein_
(Clerk of the Circuit Court)

By: _____
(Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)

Name     Geoffrey L. Gifford
         Pavalon, Gifford & Laatsch

Attorney for     Plaintiff    I.D. #3018

Address  2 No. LaSalle St., Suite 1600

City     Chicago, Illinois  60602

Telephone        312-419-7400

# Exhibit A

## ATTACHMENT TO SUMMONS

## SHERIFF OF WINNEBAGO COUNTY, PLEASE SERVE:

Swedish American Hospital
Patricia Ann Dewane, Registered Agent
1400 Charles Street
Rockford, Illinois 61104

Crusaders Central Clinic Association
Gordon Eggers, Registered Agent
1200 West State Street
Rockford, Illinois 61102

Flotillo Bruce Watkins, M.D.
2780 McFarland Road
Rockford, Illinois 61107

Therese Lucietto-Sieradzki, M.D.
314 Lincoln Highway
Rochelle, Illinois 61068
          or
1200 West State Street
Rockford, Illinois 61102

```
FILED
```

Date: ___MAR 2 6 2007___

FIRM NO.: 3018 ~ _Thomas A. Klein_
Clerk of the Circuit Court
_Copy_ Deputy
Winnebago County, IL

STATE OF ILLINOIS          )
                           )
WINNEBAGO COUNTY           )

## IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO, ILLINOIS

MELISSA SIMPLOT,                    )
as Mother and Next Friend of        )
JASMINE SIMPLOT, a Minor            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )      No. _O7L 116_
                                    )
THERESE LUCIETTO-SIERADZKI, M.D.,   )
DIANA ORTEGA, M.D.,                 )
SWEDISH AMERICAN HOSPITAL,          )
CRUSADERS CENTRAL CLINIC            )
ASSOCIATION, and                    )
FLOTILLO BRUCE WATKINS, M.D.        )
                                    )
        Defendants.                 )      <u>**JURY DEMAND**</u>

## <u>COMPLAINT AT LAW</u>

NOW COMES Plaintiff, MELISSA SIMPLOT, as Mother and Next Friend of JASMINE

SIMPLOT, a Minor, by and through her attorneys, PAVALON, GIFFORD & LAATSCH, and

complaining of Defendants, THERESE LUCIETTO-SIERADZKI, M.D., DIANA ORTEGA,

M.D., SWEDISH AMERICAN HOSPITAL, by and through its authorized agents and

employees, CRUSADERS CENTRAL CLINIC ASSOCIATION, by and through its authorized

agents and employees, and FLOTILLO BRUCE WATKINS, M.D., by and through his

authorized agents and employees, states:

## <u>COUNT I - Therese Lucietto-Sieradzki, M.D.</u>

1.      On and long prior to June 14, 2003, the Defendant, THERESE LUCIETTO-

SIERADZKI, M.D., held herself out to the public generally and in the community in which she

practiced in Winnebago County, Illinois, as a highly skilled, well-qualified and competent medical doctor.

    2.    On June 14, 2003, the Defendant, THERESE LUCIETTO-SIERADZKI, M.D., began birth delivery procedures on the Plaintiff, MELISSA SIMPLOT.

    3.    On June 14, 2003 and thereafter, the Defendant, THERESE LUCIETTO-SIERADZKI, M.D., carelessly and negligently:

        a.    Failed to prepare for a shoulder dystocia delivery;

        b.    Failed to anticipate that the baby would be macrosomic;

        c.    Failed to use recognized non-traction maneuvers;

        d.    Utilized inappropriate delivery techniques;

        e.    Utilized excessive traction ;

        f.    Utilized excessive torque;

        g.    Overstretched the brachial plexus nerves;

        h.    Fractured both bones of the lower right arm.

    4.    As a direct and proximate result of one or more of the said wrongful acts and/or omissions of the Defendant, THERESE LUCIETTO-SIERADZKI, M.D., JASMINE SIMPLOT, a Minor, was caused to suffer permanent decreased use of her right arm; that as a result of her said injuries, she has suffered and with reasonable certainty will continue to suffer significant physical impairment; she has been and permanently will be hindered from attending to her usual affairs and duties; she has been and will be deprived of large earnings and profits which she might otherwise have made, and she has been and will be compelled to expend or become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, MELISSA SIMPLOT as Mother and Next Friend of JASMINE

SIMPLOT, a Minor, asks for judgment against the Defendant, THERESE LUCIETTO-

SIERADZKI, M.D., for a fair and reasonable amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00).

## COUNT II - Diana Ortega, M.D.

1.      On and long prior to June 14, 2003, the Defendant, DIANA ORTEGA, M.D., held

herself out to the public generally and in the community in which she practiced in Winnebago

County, Illinois, as a highly skilled, well-qualified and competent medical doctor.

2.      On June 14, 2003, the Defendant, DIANA ORTEGA, M.D., began birth delivery

procedures on the Plaintiff, MELISSA SIMPLOT.

3.      On June 14, 2003 and thereafter, the Defendant, DIANA ORTEGA, M.D.,

carelessly and negligently:

      a.      Failed to prepare for a shoulder dystocia delivery;

      b.      Failed to anticipate that the baby would be macrosomic;

      c.      Failed to use recognized non-traction maneuvers;

      d.      Utilized inappropriate delivery techniques;

      e.      Utilized excessive traction;

      f.      Utilized excessive torque;

      g.      Overstretched the brachial plexus nerves;

      h.      Fractured both bones of the lower right arm.

4.      As a direct and proximate result of one or more of the said wrongful acts and/or

omissions of the Defendant, DIANA ORTEGA, M.D., JASMINE SIMPLOT, a Minor, was

-3-

caused to suffer permanent decreased use of her right arm; that as a result of her said injuries, she has suffered and with reasonable certainty will continue to suffer significant physical impairment; she has been and permanently will be hindered from attending to her usual affairs and duties; she has been and will be deprived of large earnings and profits which she might otherwise have made, and she has been and will be compelled to expend or become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, MELISSA SIMPLOT as Mother and Next Friend of JASMINE SIMPLOT, a Minor, asks for judgment against the Defendant, DIANA ORTEGA, M.D., for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III - Swedish American Hospital

1.    On and long prior to June 14, 2003, the Defendant, SWEDISH AMERICAN HOSPITAL, held itself out to the general public as a medical provider specializing in the care and treatment of the injured, ill and infirm in the County of Winnebago, State of Illinois.

2.    That at all times relevant hereto, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., were acting as actual and/or apparent employees, servants and/or agents of the Defendant, SWEDISH AMERICAN HOSPITAL.

3.    That at all times relevant hereto, the Plaintiff, believed and relied on the fact that THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D. were in fact agents, employees and/or servants of the Defendant, SWEDISH AMERICAN HOSPITAL, while the said Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., were practicing and providing services as physicians at SWEDISH AMERICAN HOSPITAL.

-4-

4.    On June 14, 2003, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., began birth delivery procedures on the Plaintiff, MELISSA SIMPLOT.

5.    On June 14, 2003 and thereafter, the Defendant, SWEDISH AMERICAN HOSPITAL, by its agents and servants, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., and its other agents and servants, individually, carelessly and negligently:

 a. Failed to prepare for a shoulder dystocia delivery;

 b. Failed to anticipate that the baby would be macrosomic;

 c. Failed to use recognized non-traction maneuvers;

 d. Utilized inappropriate delivery techniques;

 e. Utilized excessive traction;

 f. Utilized excessive torque;

 g. Overstretched the brachial plexus nerves;

 h. Fractured both bones of the lower right arm.

6.    As a direct and proximate result of one or more of the said wrongful acts and/or omissions of the Defendant, SWEDISH AMERICAN HOSPITAL, by its agents and servants THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., and its other agents and servants, JASMINE SIMPLOT, a Minor, was caused to suffer permanent decreased use of her right arm; that as a result of her said injuries, she has suffered and with reasonable certainty will continue to suffer significant physical impairment; she has been and permanently will be hindered from attending to her usual affairs and duties; she has been and will be deprived of large

earnings and profits which she might otherwise have made, and she has been and will be compelled to expend or become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, MELISSA SIMPLOT as Mother and Next Friend of JASMINE SIMPLOT, a Minor, asks for judgment against the Defendant, SWEDISH AMERICAN HOSPITAL, for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV - Crusaders Central Clinic Association

1.    On and long prior to June 14, 2003, the Defendant, CRUSADERS CENTRAL CLINIC ASSOCIATION, held itself out to the general public as a medical provider specializing in the care and treatment of the injured, ill and infirm in the County of Winnebago, State of Illinois.

2.    That at all times relevant hereto, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., were acting as actual and/or apparent employees, servants and/or agents of the Defendant, CRUSADERS CENTRAL CLINIC ASSOCIATION.

3.    That at all times relevant hereto, the Plaintiff, believed and relied on the fact that, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D. were in fact agents, employees and/or servants of the Defendant, CRUSADERS CENTRAL CLINIC ASSOCIATION, while the said Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., were practicing and providing services as physicians at CRUSADERS CENTRAL CLINIC ASSOCIATION.

4. On June 14, 2003, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., began birth delivery procedures on the Plaintiff, MELISSA SIMPLOT.

5. On June 14, 2003 and thereafter, the Defendant, CRUSADERS CENTRAL CLINIC ASSOCIATION, by its agents and servants, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., and its other agents and servants, individually, carelessly and negligently:

      a. Failed to prepare for a shoulder dystocia delivery;

      b. Failed to anticipate that the baby would be macrosomic;

      c. Failed to use recognized non-traction maneuvers;

      d. Utilized inappropriate delivery techniques;

      e. Utilized excessive traction;

      f. Utilized excessive torque;

      g. Overstretched the brachial plexus nerves;

      h. Fractured both bones of the lower right arm.

6. As a direct and proximate result of one or more of the said wrongful acts and/or omissions of the Defendant, CRUSADERS CENTRAL CLINIC ASSOCIATION, by its agents and servants THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., and its other agents and servants, JASMINE SIMPLOT, a Minor, was caused to suffer permanent decreased use of her right arm; that as a result of her said injuries, she has suffered and with reasonable certainty will continue to suffer significant physical impairment; she has been and permanently will be hindered from attending to her usual affairs and duties; she has been and will

be deprived of large earnings and profits which she might otherwise have made, and she has been and will be compelled to expend or become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, MELISSA SIMPLOT as Mother and Next Friend of JASMINE SIMPLOT, a Minor, asks for judgment against the Defendant, CRUSADERS CENTRAL CLINIC ASSOCIATION, for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT V – Flotillo Bruce Watkins, M.D.

1.      On and long prior to June 14, 2003, the Defendant, FLOTILLO BRUCE WATKINS, M.D., held himself out to the general public as a medical provider specializing in the care and treatment of the injured, ill and infirm in the County of Winnebago, State of Illinois.

2.      That at all times relevant hereto, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., were acting as actual and/or apparent employees, servants and/or agents of the Defendant, FLOTILLO BRUCE WATKINS, M.D..

3.      That at all times relevant hereto, the Plaintiff, believed and relied on the fact that, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D. were in fact agents, employees and/or servants of the Defendant, FLOTILLO BRUCE WATKINS, M.D., while the said Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., were practicing and providing services as physicians for FLOTILLO BRUCE WATKINS, M.D..

4.      On June 14, 2003, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., began birth delivery procedures on the Plaintiff, MELISSA SIMPLOT.

-8-

5.   On June 14, 2003 and thereafter, the Defendant, FLOTILLO BRUCE WATKINS, M.D., by his agents and servants, the Defendants, THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., and his other agents and servants, individually, carelessly and negligently:

    a.   Failed to prepare for a shoulder dystocia delivery;

    b.   Failed to anticipate that the baby would be macrosomic;

    c.   Failed to use recognized non-traction maneuvers;

    d.   Utilized inappropriate delivery techniques;

    e.   Utilized excessive traction;

    f.   Utilized excessive torque;

    g.   Overstretched the brachial plexus nerves;

    h.   Fractured both bones of the lower right arm.

6.   As a direct and proximate result of one or more of the said wrongful acts and/or omissions of the Defendant, FLOTILLO BRUCE WATKINS, M.D., by his agents and servants THERESE LUCIETTO-SIERADZKI, M.D. and DIANA ORTEGA, M.D., and his other agents and servants, JASMINE SIMPLOT, a Minor, was caused to suffer permanent decreased use of her right arm; that as a result of her said injuries, she has suffered and with reasonable certainty will continue to suffer significant physical impairment; she has been and permanently will be hindered from attending to her usual affairs and duties; she has been and will be deprived of large earnings and profits which she might otherwise have made, and she has been and will be compelled to expend or become liable for large sums of money for the care and treatment of her said injuries.

WHEREFORE, Plaintiff, MELISSA SIMPLOT as Mother and Next Friend of JASMINE SIMPLOT, a Minor, asks for judgment against the Defendant, FLOTILLO BRUCE WATKINS, M.D., for a fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

MELISSA SIMPLOT, as Mother and Next Friend
of JASMINE SIMPLOT, a Minor,
Plaintiff

BY: _____
GEOFFREY L. GIFFORD
One of Plaintiffs' Attorneys

PAVALON, GIFFORD, & LAATSCH
Two North LaSalle Street, Suite 1600
Chicago, IL 60602
312-419-7400
I.D. #3018

**FILED**

STATE OF ILLINOIS )
                 )  FIRM NO.: 3018
WINNEBAGO COUNTY )

Date: __MAR 2 6 2007__

*James A. Klein*
Clerk of the Circuit Court

## IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO, ILLINOIS

_____ Deputy
Winnebago County, IL

MELISSA SIMPLOT, )
as Mother and Next Friend of )
JASMINE SIMPLOT, a Minor )
                 )
      Plaintiff, )
                 )
      v. )  No. 07 L 116
                 )
THERESE LUCIETTO-SIERADZKI, M.D., )
DIANA ORTEGA, M.D., )
SWEDISH AMERICAN HOSPITAL, )
CRUSADERS CENTRAL CLINIC )
ASSOCIATION, and )
FLOTILLO BRUCE WATKINS, M.D. )
                 )
      Defendants. )

### JURY DEMAND

Plaintiff, MELISSA SIMPLOT, as Mother and Next Friend of JASMINE SIMPLOT, a

Minor, hereby demands a trial by jury.

            MELISSA SIMPLOT, as Mother and Next Friend
            of JASMINE SIMPLOT, a Minor,
            Plaintiff

BY: _____
            GEOFFREY L. GIFFORD
            One of Plaintiffs' Attorneys

PAVALON, GIFFORD, & LAATSCH
Two North LaSalle Street, Suite 1600
Chicago, IL 60602
312-419-7400
I.D. #3018

-11-

FILED

Date: **MAR 2 6 2007**

FIRM NO.: 3018

*Thomas A. Klein*
Clerk of the Circuit Court

By *Copy* Deputy
Winnebago County, IL

STATE OF ILLINOIS      )
                       )
WINNEBAGO COUNTY       )

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO, ILLINOIS

MELISSA SIMPLOT,                        )
as Mother and Next Friend of            )
JASMINE SIMPLOT, a Minor                )
                                        )
      Plaintiff,                   )
                                        )
      v.                           )    No.  O7L116
                                        )
THERESE LUCIETTO-SIERADZKI, M.D.,       )
DIANA ORTEGA, M.D.,                     )
SWEDISH AMERICAN HOSPITAL,              )
CRUSADERS CENTRAL CLINIC                )
ASSOCIATION, and                        )
FLOTILLO BRUCE WATKINS, M.D.            )
                                        )
      Defendants.                  )

### SUPREME COURT RULE 222 AFFIDAVIT

      The undersigned, GEOFFREY L. GIFFORD, having been duly sworn on oath, deposes and states that as of this date the total money damages sought in the above-captioned matter exceeds FIFTY THOUSAND DOLLARS ($50,000.00).

_____
GEOFFREY L. GIFFORD
One of Plaintiff's Attorneys

SUBSCRIBED AND SWORN to before
me this 22nd day of March, 2007.

_____
NOTARY PUBLIC

"OFFICIAL SEAL."
Bernice M. Patrie
Notary Public, State of Illinois
My Commission Exp. 01/04/2010

-12-

# FILED

Date: __MAR 26 2007__

FIRM NO.: 3018

_Thomas A. Klein_
Clerk of the Circuit Court

By _Cinay_ Deputy
Winnebago County, IL

STATE OF ILLINOIS )
)
WINNEBAGO COUNTY )

## IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO, ILLINOIS

MELISSA SIMPLOT, )
as Mother and Next Friend of )
JASMINE SIMPLOT, a Minor )
)
   Plaintiff, )
)
   v. )  No. 07L116
)
THERESE LUCIETTO-SIERADZKI, M.D., )
DIANA ORTEGA, M.D., )
SWEDISH AMERICAN HOSPITAL, )
CRUSADERS CENTRAL CLINIC )
ASSOCIATION, and )
FLOTILLO BRUCE WATKINS, M.D. )
)
   Defendants. )

## AFFIDAVIT OF PLAINTIFF'S ATTORNEY

GEOFFREY L. GIFFORD, being first duly sworn on oath, states:

1. That Affiant is the attorney for the Plaintiff.

2. That the Affiant has consulted and reviewed the facts of this case with a health professional who the affiant reasonably believes:

  (i)   is knowledgable in the relevant issues involved in this particular action;

  (ii)   practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and

  (iii)  is qualified by experience or demonstrated competence in the subject of the case.

-13-

3.      That the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in this particular action that there is a reasonable and meritorious cause for filing of such action.

4.      That Affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

5.      That the reviewing health professional is a physician licenced to practice medicine in all its branches.

6.      That a copy of the written report, clearly identifying the defendant and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, is attached to this affidavit.

FURTHER AFFIANT SAYETH NOT.

BY: _____
        GEOFFREY L. GIFFORD
        One of Plaintiffs' Attorneys

SUBSCRIBED AND SWORN to before
me this 22nd day of March, 2007.

_____
        NOTARY PUBLIC

"OFFICIAL SEAL"
Bernice M. Patrie
Notary Public, State of Illinois
My Commission Exp. 01/04/2010

-14-

# JON MICHAEL HAZEN, M.D., F.A.C.O.G., F.A.C.S.

**OFFICE LOCATIONS**

Prenatal and Obstetrics
Gynecology and Surgery
Laser and Microtubal Surgery
Female Urology and Surgery

2040 W. Charleston Blvd., Ste. 200, Las Vegas, NV 89102
(702) 671-2310  Fax (702) 671-2333

1707 W. Charleston Blvd., Ste. 100, Las Vegas, NV 89102
(702) 671-5140  Fax (702) 385-2745

2231 W. Charleston Blvd., 2nd Floor, Las Vegas, NV 89102
(702) 383-2403  Fax (702) 383-1837

Operative Hysteroscopy
Endometrial Ablation
Laparoscopic Hysterectomy
Female Endocrinology

February 2, 2007

Geoffrey L. Gifford
Pavalon, Gifford & Laatsch
Two N. LaSalle St., Suite 1600
Chicago, IL  60602

Re:  Simplot v. Swedish Hospital

Dear Mr. Gifford:

I have reviewed the records referred to my office regarding the above indicated case.  Ms. Simplot was a 22-year-old patient, pregnant for the fifth time, having delivered one previous baby and three abortions.  She was 5'2" tall, entered pregnancy at 193 pounds, and came to the hospital at 213 pounds.  Her due date was June 20, 2003.  The patient was a gestational diabetic (on insulin), with poor glucose control ranging from 79-230 mg%.

She came to Swedish Hospital on June 14, 2003 at 2145.  She was 3 cm dilated, in early labor.  No evidence of estimated fetal size or ultrasound is noted in the record since one month prior to admission.  The patient progressed to delivery of the fetal vertex (0045) on the 15th.  Multiple maneuvers were used to deliver an impacted shoulder.  The patient was placed in McRobert's position, suprapubic pressure was administered and a "Wood's corkscrew" maneuver was attempted. The patient was repositioned on her hands and knees and additional attempts at reduction of the anterior and posterior shoulders were done.  The baby was described as having the left arm twisted, supinated and wedged towards the back of the baby.  The right arm was described as pronated and at the lateral side of the baby.  The physician could not reduce the left arm with two separate attempts.  The right arm was finally reduced after forced supination and the baby was delivered.

The newborn was an 8 pound 12 ounce female with Apgars of 6 and 8.  The delivering physician was Dr. Teresa Lucietto-Sieradzki.  The Resident assisting was Dr. Siana Ortega.

The baby was described as having decreased right arm movement with excessive bruising of the right arm, shoulder, chest and antecubital space.  The right forearm was bruised and x-rays

Personal: 201 Desert View Street, Las Vegas, NV 89107 • Tel (702) 877-6449 • Fax (702) 877-6402 • jhazen@med.unr.edu

Simplot v. Swedish Hospital
Page Two

revealed fractures of the proximal ulna and the proximal radius.
The baby was discharged home with the right arm splinted to the
chest, for follow-up management.

On May 11, 2005, the youngster was evaluated (18 months) by Dr.
Geddes. He described a right brachial plexus injury and decreased
use of the right arm. There was weak biceps with only slight
flexion, atrophy in the shoulder and slight scapular "winging".

This patient was a known obese diabetic, poorly controlled on her
insulin. Both characteristics are suggestive of macrosomic babies
and shoulder dystocia. Preparation should have been made for a
"shoulder dystocia" delivery. Recognized, non-traction maneuvers
should have been utilized to release the shoulder without causing
injury to the brachial plexus and fractures to the forearm. This
baby was delivered by unorthodox, traumatic maneuvers resulting in
over stretching of the brachial plexus nerves, excessive bruising,
and fracture of both bones of the lower right arm. This
youngster's injuries are the direct result of inappropriate
delivery techniques, utilizing excessive traction and/or torque.
These maneuvers are unacceptable and well below the Standards of
Care for physicians providing obstetric care to patients.

If I can answer further questions, please contact me.

Sincerely,

Jon Michael Hazen, M.D.
JMH/mb

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Melissa Simplot, as Mother and Next Friend of Jasmine Simplot, a Minor v. Therese Lucietto-Sieradzki, M.D., et al.*, No. 07 L 116 (Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Crusader Clinic (named in the complaint as "Crusaders Central Clinic Association") was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Therese Lucietto-Sieradzki, M.D., was acting within the scope of her employment at the Crusader Clinic with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Crusader Clinic and Therese Lucietto-Sieradzki, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

Thomas Walsh

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: May 25, 2007

# Exhibit B